The Honorable John Paul Capps State Representative and Chairman House Rules Committee State Capitol Little Rock, Arkansas 72201
Dear Representative Capps:
This is in response to your request for an opinion concerning House Bill 1439. The title of the bill states that it is to "permit restaurants holding cafe and restaurant wine permits and retail beer permits for on-premises consumption to sell alcoholic beverages on Sunday in addition to hotels and restaurants that hold mixed-drink permits". Specifically, the bill amends several provisions of the Arkansas Code, including A.C.A. §§ 3-9-215
3-9-404, 3-9-407 and 3-9-411.
You have asked two questions regarding House Bill 1439, which are as follows:
 1.) If HB 1439 is passed as written, will a new election need to be held in areas already allowing Sunday sales before persons holding Retail Beer permits (A.C.A. § 3-5-301 et seq.) and Restaurant Wine permits (A.C.A. § 3-9-301 et seq.) can apply for a Sunday license since the people have already voted only on persons issued permits under A.C.A. § 3-9-201
et seq., the Mixed Drink Law?
 2.) If it is your opinion that a new election will be required on the amended version of the law as accomplished by HB 1439, will any subsequent election be only on the permits added by amendment, i.e., the beer and wine permits, or will it apply to all three permit types and affect present Sunday permits?
It is my opinion that the answer to your first question is "no"; and as such, an answer to your second question is unnecessary.
Existing law provides for an election in order to allow Sunday sales in cities and counties which have, by referendum election, authorized the sale of "alcoholic beverages" for on premises consumption under § 3-9-201 et seq., and only by restaurants and hotels which have a "mixed drink" permit issued under A.C.A. § 3-9-201 et seq. A.C.A. § 3-9-215 (Supp. 1989). "Alcoholic beverages" are defined in the subchapter as all intoxicating liquors of any sort, other than beer and wine. . . ." A.C.A §3-9-202(3).[1] Thus, the permit issued under A.C.A. §3-9-201 et seq. is a "mixed drink" permit, and cities and counties holding referendum elections under this subchapter are voting to authorize the sale of liquor other than beer and wine for on premises consumption.[2]
House Bill 1439 removes any reference in A.C.A. § 3-9-215 and in3-9-401 et seq. restricting the Sunday sale of alcoholic beverages to "mixed drink" permit holders. In several places, House Bill 1439 also adds language to existing statutes to allow beer and wine permit holders to sell on Sunday. For example, A.C.A. § 3-9-215(b) provides that:
 However, the Sunday sale of alcoholic beverages for on-premises consumption as authorized in this section shall be limited to those restaurants and hotels which possess a permit or license for sale of alcoholic beverages for on-premises consumption issued under the authority of § 3-9-201 et seq. . . .
The new bill would add § 3-5-301, [beer permits] and 3-9-301, [wine permits], at the end of this sentence. House Bill 1439 also deletes language in A.C.A. § 3-9-411 which provides that:
 Nothing in this subchapter shall authorize any permittee a license to sell beer for consumption on premises under §§ 3-5-301—3-5-307 or any permittee licensed to sell wine for consumption on premises under §§ 3-9-301—3-9-307 to sell or to dispense beer or wine for on premises consumption on Sundays.
As the statutes stand now, cities and counties may hold referendum elections to determine whether to authorize the sale of "alcoholic beverages" on Sundays, but this election will only allow places with a "mixed drink" permit to sell on Sunday. The legislature now proposes to amend the law to also allow Sunday sales by establishments holding beer and wine permits as well. The problem is that some elections have already been held under the existing statutes, and the people voted for the proposition based upon the existing law which would only allow Sunday sales at places with "mixed drink" permits.
Your first question is whether this fact requires a new election before House Bill 1439 can become effective. It is my opinion that the answer to this question is "no".
It is of course possible for the legislature to amend existing law in this manner with regard to cities and counties which do not now allow Sunday sales of any kind. If the bill passes, and such cities and counties in the future authorize Sunday sales, it will be not only for restaurants and hotels holding mixed drink permits, but will also be for beer and wine permittees. The question arises in connection with applying the new bill to cities and counties which have already held elections. It is my opinion that the intent of the new bill is to authorize beer and wine permittees in cities and counties currently allowing Sunday sales to also sell on Sunday, without the necessity of a new election on the question. No new election in cities and counties now having Sunday sales is provided for in House Bill 1439, and it would have been easy to express such a requirement if this had been the intent. This intent is also expressed in the title of the bill, as noted earlier, and in the Emergency Clause, which provides:
 It is hereby found and determined by the General Assembly that although the sale of alcoholic beverages on Sunday is permitted in some cities of this State, even in those cities the sale of beer and wine is not permitted on Sunday; that is it fundamentally unfair to authorize the Sunday sale of mixed drinks but to prohibit the Sunday sale or [sic] beer and wine; that this act would provide equal protection to the purveyors of beer and wine; that to give immediate effect to this act will lessen the possibility of a challenge to the present law allowing the Sunday sale of mixed drinks, and thereby save the taxpayers the cost involved in defending the challenge and the cost of an unsuccessful defense. . . .
If we know that the intent of the bill is not to provide for any new election in cities and counties already having Sunday sales, the question is only whether the legislature has the authority to enact this intent into law.
The laws relating to intoxicating liquors in our state are purely statutory. The Arkansas Constitution does not mention them.[3] It is well settled that our Constitution is not a grant, but a limitation of powers; and the legislature may rightfully exercise the power of the people, subject only to restrictions and limitations imposed by the Arkansas or United States Constitution. Wells v. Purcell, 267 Ark. 456,592 S.W.2d 100 (1979). There is no right granted in either of these constitutions allowing the people to vote on whether certain types of alcohol are to be sold at certain times of the week. This is a power reserved to the legislature. The people of course retain their initiative and referendum powers granted in Amendment 7 to the Arkansas Constitution.
It may be argued here, however, that the legislature is changing the effect of a vote already taken by the people on this matter. We can find no prohibition against this result. The legislature granted the people the right to take this vote in the first place. It did not have to allow for a referendum election to authorize Sunday sales in a wet county. It could have merely enacted a law authorizing them.[4] As such, it may now alter the existing law to provide for expanded Sunday sales without the consent of a vote of the electorate. The people's remedy is to influence their elected representatives or exercise their initiative and referendum powers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This definition is not changed by House Bill 1439. The retention of this definition, or the use of the term "alcoholic beverages" in the new bill creates confusion when the amendments of House Bill 1439 are incorporated into the existing statutes.
[2] Beer and wine permits are governed by other statutes. See
A.C.A. § 3-5-301 et seq. and § 3-9-301 et seq. An establishment which obtains a "mixed drink" permit, however, is also authorized to sell beer and wine. A.C.A. § 3-9-211 (a) and (c).
[3] The United States Constitution, Amendment 21, in essence gives the states authority to regulate intoxicating liquor.
[4] It appears that the legislature could take this action even in a dry county if it did so by a two-thirds vote. See
Initiated Act No. 1 of 1942 and Amendment 7 to the Arkansas Constitution.